PELEGRÍN ROSA SÁNCHEZ, demandante y apelante, *v.* JAIME y FEDERICO CALAF, demandados y apelados.

No. 6270.—*Sometido:* Noviembre 14, 1933. *Resuelto:* Septiembre 29, 1934.

*Luis Mercader,* abogado del apelante; *R. Rivera Zayas,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Mientras viajaba por una vía pública, Pelegrín Rosa Sánchez fué arrollado por un tren explotado sobre un ferrocarril privado instalado a través de una carretera. Inició demanda de *injunction* para impedir a los demandados que continuaran explotando su ferrocarril privado, o para abatir un supuesto estorbo público, así como para recobrar daños y perjuicios provenientes del mantenimiento de tal estorbo o por la negligente administración y explotación del tren de los demandados, o por ambas cosas. El juez de distrito, luego de sostener una excepción previa, declaró sin lugar la demanda en lo que se refería a la primera causa de acción, relativa al abatimiento del estorbo.

El tercer señalamiento es que la corte de distrito cometió error al resolver que el demandante no tenía capacidad para pedir el abatimiento del estorbo público, toda vez que no había sufrido ningún daño especial. Entre las autoridades citadas por el apelante, la que más aplicación tiene a la cuestión en controversia es el caso de *Swain* v. *Chicago R. Co.,* 252 Ill., 622, 626, 97 N. E. 247, 38 L.R.A. (N.S.) 763. El apelante en el presente caso se funda en un extracto de la opinión emitida por la corte de Illinois y que aparece citado en la nota 78 (*a*) en la página 735 del tomo 46 de Corpus Juris que lee en parte como sigue:

". . . . Si se cava una trinchera a través de una calle pública, todo aquel que en la comunidad tenga ocasión de usar la calle será demorado y sufrirá molestias. La pérdida de tiempo en que se in-

curra al caminar alrededor de tal obstrucción será común a cuantos usen la calle. Una persona podría ser demorada sólo varios segundos, mientras que otra que utilizara un medio de transporte distinto lo sería mucho más tiempo, y la naturaleza de los negocios a realizar quizá sería tal, que en un caso los daños podrían ser nominales, mientras que en el otro tal vez serían considerables, mas en todos ellos los daños diferirían tan sólo en grado, mas no en especies; sin embargo, si otra persona al tratar de usar dicha vía pública, ejerciendo el debido cuidado, cae en la trinchera y sufre lesiones personales, o si su caballo cae en la zanja y recibe algún daño, es claro que procedería una acción por los daños especiales causados a su persona o a su propiedad. En los ejemplos que hemos dado se verá que en el caso en que los daños consistían en pérdida de tiempo, de compromisos mercantiles, y similares, tan sólo existe un mero daño al derecho que el público tiene a usar la calle, mientras que en el segundo caso los daños ocasionados a la persona y a la propiedad constituyen una transgresión directa al individuo e invade tanto sus derechos personales como particulares. Un examen cuidadoso de los casos que sostienen el derecho de un individuo a entablar una acción por daños sufridos a consecuencia de un estorbo público demuestra que existen algunos daños especiales y específicos, bien a su propiedad personal o a su negocio ya establecido, y que el derecho a recobrar se hace en el fundamento de que sus derechos personales e individuales, a distinción de su derecho a usar la calle, han sido invadidos.''

El *dictum* no llega al extremo que el apelante desea vayamos en el presente caso. Conforme demuestran el extracto y su contexto, la corte de Illinois hablaba de los daños especiales necesarios para sostener una acción por daños y perjuicios provenientes de un estorbo, más bien que de los daños especiales necesarios para sostener un litigio con el objeto de abatir el estorbo. Sea ello como fuere, los ejemplos dados no nos convencen de que daños personales ya pasados, sufridos en una sola ocasión por la explotación, negligente o en otra foma, de un tren privado, sin licencia ni autorización, a través de una vía pública, sea un daño de la naturaleza especial que tuvo por miras la regla que permite que una persona inicie un pleito para abatir un estorbo público cuando ha sufrido daños especiales de clase y especie distintos a los ocasionados al público en general.

Nada hay que demuestre que los daños especiales sufridos por el demandante sean irreparables. Nada hay que demuestre que son o serán continuos o periódicos. Nada hay que demuestre que el demandante jamás hubiera viajado por la carretera en cuestión con anterioridad a la fecha del accidente. Nada hay que demuestre que desde entonces ha viajado por dicha carretera, o que jamás viajará por la misma otra vez. Por el contrario alega que ha quedado totalmente incapacitado como resultado del accidente. Por tanto, nada hay que revele que aun participe ligeramente con los viandantes del riesgo continuo o periódico a que éstos están expuestos. Por ende, la corte de distrito no cometió el error alegado en el tercer señalamiento.

En vista de la conclusión a que ya hemos llegado no es necesario que discutamos los otros fundamentos del recurso.

*La sentencia apelada debe ser confirmada.*